## STILLMAN LAZELLE vs. THE TOWN OF NEWFANE.

January Term, 1897.

Present: Ross, C. J., TAFT, ROWELL, TYLER and MUNSON, JJ.

*Contributory Negligence.*

The plaintiff, to establish that he was in the exercise of due care, need not produce an eye witness to the accident. It is sufficient that the circumstances justify the inference.

ACTION ON THE CASE for damages sustained from the insufficiency of a bridge. Plea, the general issue. Trial by jury at the March Term, 1896, Windham County, *Start*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted.

At the close of the testimony the defendant moved for a verdict on the ground that there was no evidence tending to show that the plaintiff was in the exercise of due care. The motion was overruled and the defendant excepted.

The evidence on the part of the plaintiff tended to show that he started from his home, about one mile from the place of the accident, with a team, consisting of a horse, harness and single buggy, and his mother riding with him; that he stopped at a blacksmith shop about fifty rods from the bridge and had some work done; that everything about the team then appeared to be sound and right; that he drove from the shop to a neighbor's in an opposite direction from the bridge and then back by the shop toward the bridge, the team still appearing to be all right, and was immediately afterward seen about half way from the shop to the bridge driving the horse, which was then walking; that the plaintiff was then fifty-three years old, accustomed to driving horses and the particular one then in use, and that the horse was gentle, manageable and safe. There was

no evidence tending to show what happened after the plaintiff was last seen as before stated until he was found unconscious under the bridge, except the circumstances stated in the opinion. The mother was instantly killed.

*Waterman, Martin & Hitt* and *K. Haskins* for the defendant,

*Clarke C. Fitts* and *L. M. Read* for the plaintiff.

TAFT, J. The plaintiff was under the burden of proving that the proximate cause of his injury was the result of the negligence of the defendant, and that he was not guilty of contributory negligence in any degree.

The defendant concedes that if there was any evidence relating to the conduct of the plaintiff at the time of the accident, that the cause was properly submitted to the jury. Whether there was or not is the only question before us. The last seen of the plaintiff prior to the accident, he was twenty-five rods from the bridge upon which the accident occurred, driving toward it with a gentle, manageable and safe horse. He drove on the bridge when his horse stopped, and backed, cramping around and over a log used as a railing on the side of the bridge, went over the log and down on the rocks in the bed of the stream below the bridge. The plaintiff could remember nothing of what transpired at the time of the accident, and no one else now living saw it.

To entitle the plaintiff to recover, it was not necessary that there should have been an eye witness to the transaction, who can be called to testify to the circumstances attending the accident; the direct testimony of a person witnessing the accident is not required. The manner of the accident, the cause of it and the fault, if any of either party, may be inferred from the facts shown and detailed by the witnesses. The plaintiff was last seen twenty-five rods from the bridge; the wheel tracks upon the bridge indicated that he had driven upon it without meeting with any trouble, when his horse backed, and cramping the wagon, backed it over the

log lying on the side of the bridge. The jury could well find from the testimony that the bridge was insufficient and out of repair in not having a sufficient railing, and that the want of it was the proximate cause of the accident and the town in fault in not having it. From the fact that as he approached the bridge, the horse was being properly driven, was then walking, and that he passed on to the bridge without trouble as indicated by the wagon tracks, and that then from some unknown cause the horse backed, cramping the wagon around and backing it over the log and down on the rocks in the bed of the stream, the jury might well infer that the plaintiff, presumably possessing the common instincts of self-preservation, did not contribute in any degree to the accident.

From the facts stated in the record, it is probable the horse was suddenly frightened, that as soon as he began to back, the wagon cramped and immediately went over the log lying on the side of the bridge, and on the rocks under the bridge; and that the accident occurred so suddenly that the plaintiff had no time to escape from the wagon, nor prevent being dashed upon the rocks below. They could infer from the circumstances shown by the testimony, the neglect of the town, the proximate cause of the accident, and that the plaintiff was without fault.

*Judgment affirmed.*