(124 So. 516)

**WHIDDON v. MALONE.** (4 Div. 440.)

Supreme Court of Alabama. Oct. 10, 1929.

Rehearing Denied Nov. 29, 1929.

O. S. Lewis, of Dothan, and Rushton, Crenshaw & Rushton, of Montgomery, for appellant.

T. M. Espy and Farmer, Merrill & Farmer, all of Dothan, for appellee.

BOULDIN, J. Action by G. H. Malone against A. D. Whiddon for personal injuries.

The complaint alleges that plaintiff, by invitation of defendant, was being carried in an automobile owned and operated by defendant along a public highway, and by reason of the negligence of defendant in operation the car was ditched and turned over, resulting in the injuries specified.

By special plea defendant set up that plaintiff and defendant had a business engagement and mission calling for a trip from Dothan to Montgomery and return; that the trip was taken in promotion of a joint enterprise; that each had a right to direct the movements of the other in respect to the joint enterprise and the movements and "conduct of each other in and about the operation of the car"; that the injury occurred on' the return trip. Demurrer to such plea was sustained.

The law recognizes cases wherein two persons may engage in the operation of a car as a joint enterprise, each being the agent of the other, rendering both liable to third persons for the negligence of either.

The doctrine rests upon the present and common right to direct and control the movement of the car, thus imposing a duty on the coadventurer to see that it is driven by the man at the wheel with due regard to the rights of others on the highway. Crescent Motor Co. v. Stone, 211 Ala. 516, 101 So. 49; Note on Joint Adventure (subd. i) 48 A. L. R. 1077 et seq.

Incident to such relation, if one coadventurer in driving a car is injured by the concurring negligence of the other with that of a third person, such third person is absolved from liability. The negligence of the driver is imputed to his fellow, and is pleadable as contributory negligence. Beaucage v. Mercer, 206 Mass. 492, 92 N. E. 774, 138 Am. St. Rep. 401; Anthony v. Kiefner, 96 Kan. 194, 150 P. 524, L. R. A. 1915F, 876, Ann. Cas. 1916E, 264 and note; 20 R. C. L. p. 149, § 122, and p. 159, § 133.

That this plaintiff and defendant had common business interests in Montgomery, that they were on a trip relating to such business, and that plaintiff was invited by defendant to ride in his car, without more, would not make plaintiff a joint adventurer in the operation of the car even as to third persons. Plaintiff would occupy the position of passenger or invited guest.

Assuming, without deciding, that the additional averment of the plea above quoted would bring the case within the law as to third persons, it presents no defense as between the joint adventurers. The rule has no application to such case.

The duty not to injure another by wrongful or negligent act is common to all. A chauffeur driving for and in the presence of his master as an occupant of the car is liable for negligent injury to his master. The relation of master and servant tends rather to increase than to absolve the chauffeur from the duty of care. A servant is liable to the master by way of indemnity when the master has been forced to respond to another in damages for the torts of the servant. Huey v. Dykes, 203 Ala. 231, 82 So. 481; 31 C. J. 447.

On principle as well as authority the driver of a car who by his negligence injures a fellow passenger is liable without reference to any question of joint enterprise between them. He can defend only on the ground of contributory negligence as in other cases. He cannot impute contributory negligence for mere failure to anticipate and prevent his own negligent conduct. Bushnell v. Bushnell, 103 Conn. 583, 131 A. 432, 44 A. L. R. 785, 789; 1 Berry, Automobiles (6th Ed.) p. 515.

Plaintiff testified that while driving along the highway between 8 and 9 o'clock in the forenoon, defendant lost control of the car, zigzagged across the road, ran off an embankment, and the car was overturned; that immediately thereafter defendant asked what had happened; witness replied, "We had a wreck"; defendant responded, "I went to sleep."

As for the ground for motion to exclude, it is sufficient to say only the party asking a question can object to an answer as not responsive. The opposing party may move to exclude on grounds going to the legality of the evidence.

Without extended discussion, we hold that going to sleep at the wheel while operating a car is evidence of negligence. The dangers of running a car while asleep are so obvious as to need no comment. It is the duty of the driver to keep awake or cease to drive. A failure so to do is prima facie evidence of negligence. The burden passes to the defendant to show some unusual cause of his falling asleep which reasonable diligence could not foresee nor forestall.

No question of contributory negligence in riding with a driver at the wheel for unreasonably long or untimely hours, or with one known to be so drowsy that he may probably fall asleep, is here involved.

The statement, "I went to sleep," was competent evidence, an admission against interest, one tending to show negligence. Bushnell v. Bushnell, 103 Conn. 583, 131 A. 432, 44 A. L. R. 785, 791; Helton v. Ala. Mid. R. Co., 97 Ala. 275, 12 So. 276.

The pleadings present the issue of decreased earning-capacity resulting from plaintiff's injuries.

Much evidence is directed to physical and mental impairment, in connection with evidence of varied, extensive, and profitable business activities at and prior to the time of the accident.

Plaintiff, over objection, was allowed to testify that the injury had an effect on his memory; that he cannot remember things as before; that nothing was the matter with his memory theretofore; that it is' not as good as before; that before the injury his mind was clear and unimpaired; that his mind is not in the same condition as before the injuries. "It takes me longer to grasp a situation and then sometimes I do not grasp it. I am nervous, excitable, to where I cannot attend to my ordinary business duties."

He further testified that before the injury he was actively employed in his business affairs some eight hours a day; that since the injury he has been able to work only two or three hours. "I just give out, got to go home, etc."

Dealing with the assignments of error in group fashion as does appellant in brief, the point is raised that plaintiff cannot testify as to his own mental condition.

This is not a case of a witness testifying to his mental soundness or unsoundness on an issue of insanity, nor of uncommunicated motive or intention, nor of mental anguish; but merely whether from injury the functioning of the mind was impaired along with physical impairment.

Physical pain, weakness, exhaustion, and the like are matters one may testify about, although they may be subjective experiences, and cannot be directly contradicted. The jury determines the probative force of such testimony under all the circumstances.

In cases of this sort, other persons, such as business associates and others having such intimate association as to form a fair judgment, whether expert or nonexpert witnesses, may testify as to the several matters above noted. In this case many did so testify. The inferences drawn or opinions formed by such witnesses are based on observation. The party himself speaks from his personal experiences. Certainly we would not say a person cannot

know whether he has mental impairment of this character along with his physical impairment. We find no error in these rulings. Burney v. Torrey, 100 Ala. 157, 174, 14 So. 685, 46 Am. St. Rep. 33; Wear v. Wear, 200 Ala. 345, 76 So. 111; Perrine v. So. Bitulithic Co., 190 Ala. 96, 66 So. 705; Blackman v. Johnson, 35 Ala. 252, 254; Southern Ry. Co. v. Fisher, 199 Ala. 377, 74 So. 580; Gadsden General Hospital v. Hamilton, 212 Ala. 531, 103 So. 553, 40 A. L. R. 294; Feore v. Trammel, 212 Ala. 325, 102 So. 529; 22 C. J. 620, 621.

Although disabled to properly perform the duties of bank president and other salaried positions, if salaries were continued until the time of the trial, recovery could not be had for lost earnings from this source. M. & E. R. R. Co. v. Mallette, 92 Ala. 209, 9 So. 363; Travis v. L. & N. R. R. Co., 183 Ala. 415, 62 So. 851.

But evidence of disability to perform this service and disability to conduct his individual enterprises was properly received as going to the question of diminished earning capacity. 17 C. J. p. 897 et seq., § 196; Id. p. 782 et seq., § 108.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.