[Civ. No. 7114.   First Appellate District, Division Two.—November 20, 1929.]

SAM BAILIN, Appellant, v. HARRY E. PHOENIX et al., Respondents.

Rowen Irwin and Rollin Laird for Appellant.

Culver & Nourse for Respondents.

DOOLING, J., *pro tem.*—In this action for damages arising out of a collision between a truck and trailer driven by defendant's servant and an automobile driven by plaintiff, the trial court, sitting without a jury, found that the negligence of both parties proximately contributed to the collision. From the judgment for defendants entered upon these findings plaintiff appeals.

Appellant makes only one point on appeal, the insufficiency of the evidence to support the finding that he was guilty of contributory negligence proximately contributing to the collision.

As respondents point out, appellant has printed in his brief only the most meager excerpts from the testimony, although the record is brought up under the alternative method by typewritten transcript. Out of a transcript of testimony of over one hundred pages appellant has printed testimony occupying less than three pages of his brief. Appellate courts should not be compelled to reiterate that it is the duty of appellants proceeding under this method to

print enough of the typewritten record to properly present the questions raised by them to the court on appeal.

However, since respondent has printed in his brief testimony amply supporting the findings of contributory negligence, we prefer to place our affirmance of the judgment on that ground.

■ According to appellant's own testimony, when he was five hundred feet away from the truck and trailer, which was approaching him slowly upgrade from the opposite direction, he saw it start to turn to his side of the road. It continued in the same direction and crossed the center of the highway when it was two hundred feet away, and continued toward its left of the highway at all times until the collision occurred. Appellant applied his brakes lightly when the truck crossed the center of the highway about two hundred feet from him, but proceeded toward it at about twenty-five miles per hour until he was only a few feet away. He then turned sharply to his left in an attempt to pass the truck, but failed to clear it and the collision occurred.

A doctor who saw and treated appellant after the collision testified that appellant stated when the doctor asked him how the collision happened: "I went to sleep."

We must accept the evidence most favorable to the finding of the court. From this evidence the court may have believed that appellant, in spite of the fact that he saw the truck on his side of the highway in time to avoid a collision, continued to approach it in such a manner as to make the collision inevitable, or that appellant was asleep and did not see the truck at all. On either hypothesis the evidence is sufficient to support the finding of contributory negligence.

Judgment affirmed.

Nourse, Acting P. J., and Sturtevant, J., concurred.