ELIZABETH L. BLOOD *vs.* ALPHEUS R. ADAMS.

Middlesex.    November 13, 1929. — December 31, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence,* Gross, Motor vehicle, In use of way.

Voluntarily to drive an automobile in the night time on a public way with eyes closed, and to yield to sleep while so driving, is to be guilty of a degree of negligence exceeding lack of ordinary care, and *is a* manifestation of recklessness which properly may be found to be gross negligence within any reasonable definition of that phrase.

TORT for personal injuries. Writ dated December 31, 1926.

In the Superior Court the action was tried before *Whiting,* J. There was a verdict for the plaintiff in the sum of $12,500. The defendant alleged exceptions.

*L. C. Doyle,* (*A. E. Bent* with him,) for the defendant.
*F. J. Johnson,* for the plaintiff.

PIERCE, J. This is an action of tort to recover damages for personal injuries, received by the plaintiff while riding as an invited guest in an automobile owned and driven by the defendant, in Milton, Massachusetts, early in the morning of June 22, 1926. At the conclusion of the plaintiff's

evidence the defendant rested and duly moved in writing that the judge direct a verdict for the defendant. The motion was denied and the jury returned a verdict for the plaintiff. The case comes before this court, with all the material evidence, on the exception of the defendant to the denial of the motion for a directed verdict.

The sole issue presented is, Were the injuries sustained by the plaintiff caused by the gross negligence of the defendant? The facts most favorable to the plaintiff shortly stated are as follows: At about six-thirty in the evening of June 21, 1926, the defendant, with a new automobile, called for the plaintiff at her residence in Brookline, Massachusetts, for the purpose of taking her to ride, and the plaintiff accepted the invitation. Without any material incident the plaintiff drove the automobile to Plymouth, Massachusetts, where they had dinner. Sometime after 11:30 P.M. they started on their return home. The plaintiff operated the automobile until some time, after midnight to a place called Hanover Four Corners, where it was stopped and the defendant alighted for the purpose of looking at the signboard. On his return to the automobile he took the steering wheel. Centre Street, Milton, the scene of the accident, is a narrow road with large trees, and a stone wall along one side, and was lighted that night with street lights. The automobile, as driven by the defendant, went off the road on the left hand side of the street as it was facing, and struck a tree with such force that the automobile "seemed pretty nearly put out of commission altogether." When seen by one casually passing shortly after the occurrence of the accident, the plaintiff and defendant were in the automobile which was pretty well banged up and "against a tree." The plaintiff had blood "all over her face and some blood running down her stockings." The passerby took the plaintiff "who was unconscious at the time, and the defendant, to the Milton Hospital in his automobile."

The defendant told several stories in explanation of the accident, to the effect that "he must have fallen asleep"; that "he probably fell asleep"; that he did not "remember just what happened preceding the accident"; that "as he

came along he felt as though he wanted a cigarette, and when he lit the cigarette that blinded him and the next thing he knew his car was wrecked and they were injured"; and that "Just previous to the accident . . . [he] felt very sleepy and felt as though . . . [he] should have a cigarette . . . [he] must have closed . . . [his] eyes for the next . . . [he] knew . . . [they] were injured and the car wrecked."

In the above stated circumstances it is indisputable that the defendant was negligent. In the exercise of ordinary care an operator of an automobile must be able to anticipate what is coming, to see what is present and to remember what is past. Voluntarily to drive an automobile on a public street at any time of day or night with eyes closed, or to yield to sleep while operating such kind of dangerous machine as is an automobile on a public highway, is to be guilty of a degree of negligence exceeding lack of ordinary care, and is a manifestation of recklessness which may be found by judge or jury to be gross negligence within any reasonable definition of that phrase. *Altman* v. *Aronson*, 231 Mass. 588. *Manning* v. *Simpson*, 261 Mass. 494. *Bushnell* v. *Bushnell*, 103 Conn. 583.

*Exceptions overruled.*