## MANSER *v.* EDER.

1. MOTOR VEHICLES—NEGLIGENCE—DRIVING WHILE SLEEPY.

 One is negligent in driving his automobile while under influence of extreme fatigue or sleep.

2. SAME—WANTON AND WILFUL MISCONDUCT.

 Where automobile driver, who had narrow escape from collision when he fell asleep, insisted on driving and refused to let guest passengers out of his car, with result that he fell asleep again, collided with safety zone post, and guest passenger was severely injured, he was guilty of wanton and wilful misconduct, under circumstances, since he was aware of specific danger in which his passengers were being placed by his conduct (1 Comp. Laws 1929, § 4648). CLARK AND POTTER, JJ., dissenting.

Appeal from Wayne; Searl (Kelly S.), J., presiding. Submitted April 5, 1933. (Docket No. 2, Calendar No. 36,442.) Decided May 16, 1933. Rehearing denied August 29, 1933.

Case by Cecilia Manser (now Jerinkitz) against Burton P. Eder for personal injuries sustained while a guest passenger in defendant's automobile. Judgment for plaintiff. Defendant appeals. Affirmed.

*Bernstein & Bernstein,* for plaintiff.

*Charles C. Conklin, Frank P. Darin, Wm. E. Robb,* and *Don W. Van Winkle,* for defendant.

BUTZEL, J. Plaintiff, Cecilia Manser, now Cecilia Jerinkitz, together with a young lady companion, were the guest passengers of Dr. Burton P. Eder, a dentist of Detroit, Michigan, and defendant herein, on June 14, 1931. Defendant had worked steadily from 9:00 a. m. to 9:00 p. m. at his office, and it was late in the evening before the party started for a pleasure ride in defendant's Ford coupe. They drove out of Detroit on Woodward avenue, stopped at a restaurant in the suburbs for supper, and then proceeded as far as Pontiac, Michigan. It was about 1:00 a. m. Sunday when they began their return trip. As they drove through Highland Park, defendant fell asleep at the wheel, and narrowly escaped running into a safety zone near the Ford plant. Plaintiff became very much alarmed, aroused defendant, and informed him that he was driving in a dangerous manner. An argument ensued, in the course of which plaintiff told defendant that she was frightened and insisted that he let her out of the car. Defendant stated that he would not permit the young ladies to leave the

car and find their way home alone at that hour of the night. He declared that he was no longer sleepy and would get them home safely. Shortly thereafter, defendant went to sleep again and drove his car with great force into a post of a safety zone near the intersection of Woodward and Elmhurst avenues, in Detroit. As a result of the collision, the car was badly damaged and plaintiff. sustained severe injuries.

The trial judge, who heard the case without a jury, awarded plaintiff a judgment of $1,250 on the ground that defendant was guilty of gross negligence and wanton and wilful misconduct. On appeal, it is claimed that, at most, defendant's conduct constituted only ordinary negligence, and that plaintiff, a guest passenger, was barred from recovery under 1 Comp. Laws 1929, § 4648, in the absence of any adequate showing of gross negligence or wilful and wanton misconduct.

There is no question but that one is negligent in driving his car under the influence of extreme fatigue and sleep. As was said by Mr. Justice WIEST in *Devlin* v. *Morse*, 254 Mich. 113, a case in which the accident occurred before the enactment of the guest act:

"It was not necessary for the court below to find defendant. guilty of gross and wanton negligence. Was defendant guilty of negligence? Defendant had been up all night, had taxed his powers of endurance with drink and by loss of sleep, and it was actionable negligence, under the circumstances, for him to continue driving until overcome by 'tired nature's sweet restorer.' * * * The approach of sleep is indicated by premonitory symptoms."

We also quote from *Bushnell* v. *Bushnell*, 103 Conn. 583, 591 (131 Atl. 432, 44 A. L. R. 785), as follows:

"Sleep in such a situation does not ordinarily come upon one unawares, and by watching for indications of its approach, or heeding circumstances which are likely to bring it about, one may either ward it off or cease an activity capable of danger to himself or to others. There are few ordinary agencies so fraught with danger to life and property as an automobile proceeding upon the highway freed of the direction of a conscious mind, and because this is so, reasonable care to avoid such a danger requires very great care. * * * In any ordinary case, one cannot go to sleep while driving an automobile without having relaxed the vigilance which the law requires without having been negligent."

See, also, *People* v. *Robinson,* 253 Mich. 507; *Whiddon* v. *Malone,* 220 Ala. 220 (124 South. 516).

Further, under the circumstances of the instant case, the trial court was justified in finding the defendant guilty of wilful and wanton misconduct. Dr. Eder was aroused from his sleep and informed of his narrow escape from an accident similar to that which eventually occurred. Thus forewarned, his insistence that he continue driving and that plaintiff remain with him constituted such a reckless disregard for the consequences of an obvious danger and the safety of his passengers as amounted to wilful and wanton misconduct. Accidents of this type occurring in other States have been regarded as the result of reckless driving and gross negligence. Although these jurisdictions have failed to define these terms with the rigidity apparent in the Michigan decisions, they still serve to illustrate the gravity attached by other courts to this type of misconduct. *Potz* v. *Williams,* 113 Conn. 278 (155 Atl. 211); *Blood* v. *Adams,* 269 Mass. 480 (169 N. E. 412). See, *contra, Kaplan* v. *Kaplan,* 213 Iowa, 646 (239 N. W. 682); *Coconower* v. *Stoddard,* 96 Ind.

App. 287 (182 N. E. 466); *DeShetler* v. *Kordt*, 43 Ohio App. 236 (183 N. E. 85), in which the Michigan statute was applied.

The instant case differs from *Mogill* v. *Resnick*, *ante*, 103, in that defendant was aware of the specific danger in which his passengers were being placed by his conduct. The accident was preceded by a narrow escape from disaster under identical circumstances. In *Mogill* v. *Resnick*, *supra*, neither the driver nor plaintiff saw the oncoming car before it was too late to avert a collision. See, *Gibbard* v. *Cursan*, 225 Mich. 311; *Willett* v. *Smith*, 260 Mich. 101.

Judgment affirmed, with costs to plaintiff.

McDonald, C. J., and Sharpe, North, Fead, and Wiest, JJ., concurred with Butzel, J.

Potter, J. I think there is no wilful misconduct of defendant shown.

Clark, J. I agree with Justice Potter. There should be reversal, with costs and without new trial.