RUTH STEELE *v.* PAUL LACKEY.

October Term, 1934*

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and SHERBURNE, JJ.

Opinion filed February 2, 1935.

---

* This case was originally heard as above, but reargued at the February Term, 1935.

194

*Fred E. Gleason* for the defendant.

*J. Ward Carver* for the plaintiff.

MOULTON, J. This is an action brought under the provisions of P. L. 5113, to recover for personal injuries alleged to have been sustained by the plaintiff, riding as an invited guest in the automobile operated by the defendant, through the gross negligence of the latter. The verdict and judgment below were for the plaintiff and the cause is before us on the defendant's exceptions. After an opinion had been prepared and handed down, the defendant moved for a reargument. The motion was

granted and the issues involved were again presented upon briefs and oral argument. The following opinion embodies the views of the Court.

The parties left the village of Northfield Falls at 7.30 to 8.00 P.M. on May 30, 1932, to attend a dance at Woodbury Pond. They made a brief stop in Barre, and arrived at the scene of the festivities at 8.45 to 9.00 P.M. They left for home sometime between 12.30 and 1.00 P.M. and had proceeded several miles when the defendant who, by his own testimony, was driving at a speed of 40 to 50 miles an hour, fell asleep, and, as a result, the car left the road, plunged down the bank and collided with a tree. The road curved at the place and the automobile went straight ahead. Both parties received injuries. The defendant testified that he fell asleep suddenly and without warning; that he had not felt sleep coming on before the instant of the accident; that he felt perfectly normal, and that normally he felt the approach of sleep before it came upon him. He also testified that during the stop at Barre he obtained a bottle containing 1½ pints of red sour wine which was intoxicating; that he and the plaintiff drank from it on the way, finishing the bottle at Woodbury shortly before the dance, between 8.30 and 9.00 P.M., and drank nothing thereafter. According to his testimony, the wine produced no feeling of exhilaration or drowsiness. The plaintiff denied all knowledge of the wine and that she drank any intoxicating liquor. She said that she did not know that the defendant had been drinking; that to her knowledge he showed no effects of liquor; she smelled no odor upon his breath, and observed nothing strange in his talk, his walk, or his dancing. He was driving at a high rate of speed, but she made no complaint. She was, she said, always in his immediate presence during the dance, although she sometimes danced with others, and she did not know where he was during such times. On the way home they talked intermittently. The motorcycle policeman, who arrived at the scene of the accident some half hour after it occurred, testified that he smelled liquor on the defendant's breath, and so did the physician who attended him, and who also said that he was so far under the influence of drink that he fell asleep upon the operating table after his wounds had been sutured, while the lights were fully on. The doctor detected no smell of liquor on the plaintiff. The driver

of the ambulance beside whom the defendant rode on the way to the hospital noticed no odor of alcohol upon him.

The principal question briefed by the defendant and raised by a motion for a directed verdict is whether the court was warranted in submitting to the jury the question whether the defendant was guilty of gross negligence. It is needless to repeat here the definition of that term, as given in *Shaw* v. *Moore,* 104 Vt. 529, 531, 162 Atl. 373, 86 A. L. R. 1139, and followed and applied in the subsequent decisions of *Franzoni* v. *Ravenna,* 105 Vt. 64, 65, 163 Atl. 564; *Dessereau* v. *Walker,* 105 Vt. 99, 102, 163 Atl. 632; *Hunter* v. *Preston,* 105 Vt. 327, 338, 166 Atl. 17; *Anderson* v. *Olson,* 106 Vt. 70, 71, 72, 169 Atl. 781; and *L'Ecuyer* v. *Farnsworth,* 106 Vt. 180, 183, 170 Atl. 677. It is said in *Blood* v. *Adams,* 269 Mass. 480, 169 N. E. 412, 413, that: "Voluntarily to drive an automobile on a public street at any time of day or night with eyes closed, or to yield to sleep while operating such kind of a dangerous machine as is an automobile on a public highway, is to be guilty of a degree of negligence exceeding lack of ordinary care, and is a manifestation which may be found by judge or jury to be gross negligence within any reasonable definition of that phrase." Since the definition of gross negligence adopted by the Supreme Judicial Court of Massachusetts has also been adopted by this Court (*Shaw* v. *Moore, supra*), the foregoing decision is helpful.

One cannot be held to be negligent for what he does or fails to do in the operation of an automobile after he has involuntarily fallen asleep any more than he could be so held after he had suffered a stroke of paralysis, or epileptic seizure, or had suddenly been stricken blind, because the failure to exercise the requisite degree of care and prudence presupposes that the person sought to be charged is capable of sense perception and judgment. The question is, was he negligent in permitting himself to fall asleep, or in operating the car when he knew, or ought to have known, that sleep might come upon him? *Bushnell* v. *Bushnell,* 103 Conn. 583, 131 Atl. 432, 434, 44 A. L. R. 785; *People* v. *Robinson,* 253 Mich. 507, 235 N. W. 236, 237. It is from the circumstances of the case that it is to be determined whether his helpless condition was, in this sense, voluntary, and so it is material to consider not only the fact of sleep, but also the preceding events and from them to discover his condition as to fatigue and alertness of mind. Several decisions have

dealt with this principle. In *Bushnell* v. *Bushnell, supra,* page 435 of 131 Atl., and in *Brownell* v. *Freedman,* 39 Ariz. 385, 6 Pac. (2d) 1115, 1116, it is said that where one falls asleep while driving an automobile, a *prima facie* case of negligence is made out. In *Devlin* v. *Morse,* 254 Mich. 113, 235 N. W. 812, 813, it was held that when the defendant had been up all night and had taxed his powers of endurance with drink and loss of sleep, it was actionable negligence for him to continue driving until overcome by drowsiness. In *Gower* v. *Strain,* 169 Miss. 344, 145 So. 244, 246, it is said that: "The fact that one continues to drive an automobile at a high rate of speed after he recognizes and appreciates the near approach of sleep furnishes a proper basis from which an inference of negligence may be drawn." In *People* v. *Robinson,* 253 Mich. 507, 235 N. W. 236, 237, it appeared that the defendant had been going without sleep and had been drinking, and it was held that he was negligent in trying to drive an automobile when a prudent man would have known that it was not safe for him to do so. In the foregoing cases ordinary negligence only was in issue, but in *Potz* v. *Williams,* 113 Conn. 278, 155 Atl. 211, 212; *Manser* v. *Eder,* 263 Mich. 107, 148 N. W. 563, 564; and *Coconower* v. *Stoddard,* 96 Ind. App. 287, 182 N. E. 466, 468, arising under so-called guest statutes, the operation of an automobile by one who is aware of the approach of sleep, or under such conditions of fatigue and lack of previous rest that sleep is likely to come, constitutes reckless conduct or reckless disregard of the rights of others. On the other hand, in *Kaplan* v. *Kaplan,* 213 Iowa, 646, 239 N. W. 682, 684, it was held, that a person who is involuntarily overcome by sleep while driving an automobile, is not guilty of reckless operation of it, within the meaning of the Iowa statute; and in *DeShetler* v. *Kordt,* 43 Ohio App. 236, 241, 183 N. E. 85, that, under similar circumstances, there was no inference of such an intentional act as would amount to wilful and wanton misconduct on the part of the driver. To the same effect is *Boos* v. *Sauer,* 266 Mich. 230, 253 N. W. 278, 279.

■ Our inquiry, however, is whether there was evidence in the instant case tending to show gross negligence. This degree of fault lies between ordinary negligence and reckless or wanton misconduct which are elements comprised within our definition of wilful negligence. *Sorrell* v. *White,* 103 Vt. 277, 285, 153 Atl. 359. Taking the evidence, as we are bound to do, in the

most favorable light for the plaintiff, it tends to show that the defendant had, for a space of approximately four hours, before starting to drive home, engaged in the physical exercise of dancing. He had, according to his own testimony, been drinking wine. His potations, as he said, took place some hours before the accident, but the testimony concerning the odor of liquor upon his breath soon after the accident, and concerning his condition while on the operating table, indicated that he was under the influence of intoxicating liquor at those times.

After the accident, he made the required report to the motor vehicle department, and in it he said that he ran into fog, turned out too far on loose gravel, and lost control of his car. When this statement was called to his attention on cross-examination and he was asked why he said nothing about falling asleep, he answered, "Because I didn't put it down, no apparent reason." Upon trial he made no claim that there was fog. He testified that he dozed while waiting at the hospital for the doctor's attention, while the doctor said that he fell asleep after his wound had been sutured, The jury were at liberty to consider these matters in determining how far to credit his story.

It is true that there were also inconsistencies and contradictions in the plaintiff's testimony, but since it was not impossible, it was for the jury to weigh and consider. *Robey* v. *Boston & Maine R. R.*, 91 Vt. 386, 388, 100 Atl. 925. It was for the jury to say which of the statements they would accept. *McDonald* v. *McNeil*, 92 Vt. 356, 361, 104 Atl. 337.

It is said that sleep does not ordinarily arrive without warning or premonitory symptoms. *Bushnell* v. *Bushnell, supra,* page 435 of 131 Atl.; *Gower* v. *Strain, supra; Devlin* v. *Morse, supra.* Normally it did not come unheralded to the defendant, as he admitted. There was sufficient evidence to enable the jury, acting reasonably, to find that he knew, or ought to have known, that it was likely that sleep would come, and that, in these circumstances, his operation of the car was conduct indicating an indifference to the duty owed to the plaintiff as his guest, or an utter forgetfulness of her safety. *Anderson* v. *Olson, supra.* The motion for a verdict was properly denied upon this ground. What has been said applied also to several exceptions to the charge, which were based, in one form or another, upon the same proposition.

■ ■ Another ground for the motion for a directed verdict was that if it were claimed that the use of wine caused the defendant to fall asleep, there could be no other reasonable inference than that the plaintiff knew of the defendant's procuring and use of such intoxicating liquor and hence that her conduct in continuing to ride with him constituted contributory negligence. It cannot be said, as a matter of law, that this was so. The evidence did not conclusively show that the plaintiff knew or must have known of the defendant's condition, as in the cases cited by the latter in his brief. *Kirmse* v. *Chicago, etc., R. R. Co.*, 73 Ind. App. 537, 127 N. E. 837; *Lynn* v. *Goodwin*, 170 Cal. 112, 148 Pac. 927, L. R. A. 1915E, 588; *Wayson* v. *Rainier Taxi Co.*, 136 Wash. 274, 239 Pac. 559, 45 A. L. R. 290. There was testimony to the effect that she observed nothing strange in his bearing and conduct, and did not know that he had been drinking, the weight of which was for the jury to consider and determine. As an invited guest, she was not bound to anticipate that he would omit the exercise of proper care. *Round* v. *Pike*, 102 Vt. 324, 328, 148 Atl. 283.

■ A third ground for the motion was that on all the evidence and reasonable inferences therefrom the plaintiff assumed whatever risk attended the operation of the car by the defendant. The exception taken to the ruling of the court upon this point is inadequately briefed, since all that is said regarding it is a statement of the ground, and the fact that the motion was overruled and an exception taken. *Dailey* v. *Town of Ludlow*, 102 Vt. 312, 315, 316, 147 Atl. 771; *Bean* v. *Colton*, 99 Vt. 45, 47, 130 Atl. 580; *Woodhouse* v. *Woodhouse*, 99 Vt. 91, 132, 130 Atl. 758. This constitutes a waiver of the exception. *State* v. *Wood*, 99 Vt. 490, 498, 134 Atl. 697, 48 A. L. R. 985.

■ During the giving of his testimony, the defendant was asked by plaintiff's counsel whether on June 27, 1932, he was not arraigned in the municipal court upon a complaint charging him with operating an automobile upon the highway in a careless and negligent manner, in that he endangered and jeopardized the safety and lives and property of the public by not having the car under control, thereby causing an accident resulting in personal injuries, upon May 31, 1932. The question was allowed, subject to an exception upon the ground that under the rule stated in *Girard* v. *Vermont Mutual Fire Ins. Co.*, 103 Vt. 330, 339, 154 Atl. 666, it was irrelevant and incom-

petent for the purpose of showing any facts upon which the action was based. The answer was in the affirmative, and the defendant was then asked whether he did not plead guilty to the charge. Subject to the same exception he was permitted to answer again affirmatively. The evidence was offered and received as an admission. The Girard Case was an action upon a policy of fire insurance brought by the mortgagee of the destroyed property, in the name of the mortgagor against the insurer. The defense was that the buildings had been burned by the mortgagor with intent to defraud the defendant, and in support of this contention, the defendant offered the record of the conviction of the mortgagor after a trial for this offense. It was held that the record was not admissible to prove the facts upon which it was predicated. This principle does not apply here. In the instant case, the record was not offered for any purpose. The plea of guilty was material as an admission by the defendant that his conduct was not justifiable on the occasion in question. *Russ* v. *Good*, 90 Vt. 236, 240, 97 Atl. 987. In his brief, the defendant insists that the evidence was not admissible because a plea of guilty to careless and negligent driving cannot be taken as an admission of gross negligence, the existence of which is the issue here. But it is not made to appear by the transcript that this objection was advanced in the trial court (in fact it appears that it was not) and so it is not for our consideration. *Temple* v. *Atwood*, 100 Vt. 371, 372, 137 Atl. 321; *Land Finance Corporation* v. *St. Johnsbury Wiring Co.*, 100 Vt. 328, 332, 137 Atl. 324; *Higgins, Admr.* v. *Metzger*, 101 Vt. 285, 296, 143 Atl. 394; *Prouty* v. *Pellett et al.*, 96 Vt. 53, 58, 117 Atl. 373. "When specific objections are made below, the excepting party is confined to them here." *Townshend* v. *Townshend*, 84 Vt. 315, 318, 79 Atl. 388, 389.

■ An exception was taken to an instruction which defined wilful negligence. It is not claimed to be an incorrect statement of the law, but it is said that wilful negligence was not an issue in the case, and that the instruction had a tendency to confuse the jury. But the jury were given distinctly to understand that wilful negligence was not an issue, and were told that the definition was given so that they might better understand the definition of gross negligence which had already been stated. No issue outside the evidence was introduced thereby, and at

most it was harmless error. *Woodhouse* v. *Woodhouse,* 99 Vt. 91, 149, 130 Atl. 758.

 The jury were instructed that it was not necessary for the plaintiff to introduce evidence directly bearing upon the point of her freedom from contributory negligence, but that it was sufficient, if from a consideration of all the evidence, they were satisfied by a preponderance of the evidence that she had been guilty of no act which was a proximate cause of the accident. An exception was taken on behalf of the defendant, the ground being that the plaintiff had testified to facts bearing upon the subject. Contributory negligence need not be negatived by direct testimony, but the manner and cause of the accident, and the fault producing it may be shown by circumstantial evidence. *Cummings, Admr.* v. *Town of Cambridge,* 93 Vt. 349, 351, 107 Atl. 114; *Lazelle* v. *Town of Newfane,* 69 Vt. 306, 308, 37 Atl. 1045. Here, again, no issue outside the evidence having been introduced, the error, if any, was harmless. *Woodhouse* v. *Woodhouse, supra.*

 Another exception was taken to an instruction concerning the defendant's liability, if by drinking wine, he voluntarily placed himself in a condition whereby sleep came upon him. The ground of the exception was the failure to charge in the same connection that if the plaintiff knew of such drinking and continued to ride with the defendant she was guilty of contributory negligence and could not recover. This objection is not briefed, and is therefore waived. *Symes* v. *Fletcher,* 95 Vt. 431, 438, 115 Atl. 502. All that is claimed is that the issue stated in the instruction should not have been submitted to the jury, because there was not sufficient evidence to support it. We have already given attention to this matter in connection with the motion for a verdict.

All questions raised have been considered.

*Judgment affirmed.*