Jaffrey Municipal Court,
No. 4773.

STATE *v.* LEO N. BEAUVAIS.

Submitted October 7, 1959.

Decided November 3, 1959.

*Louis C. Wyman*, Attorney General, *Irma A. Matthews*, Law Assistant, and *Arthur Olson, Jr.*, county attorney, for the State.

*William D. Tribble* for the defendant, furnished no brief.

DUNCAN, J. The motion presents the issue of whether there was evidence from which the defendant could be found guilty of violation of RSA 262:15-a (supp.), which makes it a misdemeanor to operate a motor vehicle "in a grossly careless or grossly negligent manner," not constituting reckless operation and which does not result in death. The section defines grossly careless or negligent operation as "that manner of operation of a motor vehicle which, although short of wilful and intentional wrong, is marked by more want of care than simple inadvertence and is carelessness substantially and appreciably higher in magnitude than ordinary negligence or carelessness, or a high degree of indifference to the operator's duty." *Id.*

The complaint alleged in detail the course of conduct later disclosed by the evidence at the trial, and characterized it in the language of the statutory definition quoted above. See *State* v. *Turgeon*, 101 N. H. 300.

The carelessness with which this defendant is charged consisted of the operation of his automobile under circumstances which would lead a reasonable man to appreciate the existence of a greater than ordinary risk that sleep would overtake him. The defendant had gone without sleep for a long period of time during which he had done a full day's work, had later done other physical labor, had hunted for six hours in the late evening and early morning of the next day, and had then consumed "two drinks" of intoxicating liquor at a time when any relaxation was likely to produce drowsiness. Under the conditions disclosed the possibility that the defendant would fall asleep at the wheel was a foreseeable risk, of which it could be found that he knew or should have known.

The evidence reported by the transferred case warrants, although it does not necessarily compel, a finding that the defendant in

fact fell asleep while driving, and that his indifference to the risk that he might do so brought his conduct within the purview of the statute. See *Steele* v. *Lackey,* 107 Vt. 192; *Ryan* v. *Scanlon,* 117 Conn. 428. See also, anno. 28 A. L. R. (2d) 12, 62-69. The defendant's motion should be granted or denied according to the findings of fact which the trial court makes upon the evidence.

*Remanded.*

All concurred.