Herman R. Miller, Toledo, for plaintiff in error.

Conn & Holloway, Toledo, for defendant in error.

## DESHETLER v KORDT

Ohio Appeals, 6th Dist, Lucas Co

No 2561. Decided Nov 23, 1931

**LLOYD, J.**

As we gather them from the record, the foregoing are the facts to which we are to direct our attention in determining the questions presented by the petition in error.

The accident having happened in Michigan and the law of that state as defendant claims it to be having been pleaded in his answer, and evidence thereof having been received at the trial, we must apply the law of that state to the facts in evidence. The plaintiff's alleged cause of action is thus stated in his amended petition:

"That the defendant was guilty of gross negligence and wilful and wanton misconduct directly and proximately causing plain-tiff's injuries in the following manner and ways, towit:

1. In that the defendant drove his said automobile at a high and dangerous rate of speed, towit: in excess of twenty-five (25) miles per hour while approaching an intersecting highway and a sharp curve in said intersecting highway and without having his said automobile under control, and ran the same into and against said concrete abutment as aforesaid.

2. In that said defendant did not keep a proper lookout for said curve and intersecting highway and said obstruction, and wholly failed and neglected to apply the brakes on said automobile or take any other precautions to prevent said accident.

3. In that the defendant continued to drive said automobile at said high and dangerous rate of speed as he approached said curve and said concrete abutment, and without any notice or warning to plaintiff of his intention so to do, drove his said automobile against said abutment, as aforesaid."

If the defendant intentionally, as distinguished from negligently, did or omitted to do what is thus alleged, he would of course be guilty of wilful misconduct or gross negligence. On the facts as alleged and proved, was he guilty of either? In Michigan a statute enacted in March, 1929, and in effect at the time of the occurrence here in question, provides in part as follows:

"That no person, transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or wilful and wanton misconduct of the owner or operator of such motor vehicle and unless such gross negligence or wilful and wanton misconduct contributed to the injury, death or loss for which the action is brought."

In Montgomery vs. Muskegon Booming Co., 88 Mich., 633, it is held that the word wilful involves design and purpose and implies that the act was done with a set purpose to accomplish the results which followed the act. It involves more than negligence; it implies malice.

In Union Trust Co. vs. Railway Co., 239 Mich., 97, it is said that

"We have in this state ordinary negligence and subsequent negligence, frequently called gross negligence, but that we do

not have gross negligence in the sense of great or much negligence, because that would introduce into our law the doctrine of comparative negligence, which is foreign to this jurisdiction, and while wilful and wanton acts are frequently designated as gross negligence, such designation is a misnomer because such wilful and wanton acts are not negligence at all."

In Gibbard, Admr. vs. Curson, 225 Mich, 311, it is held that

"In the ordinary case of negligence, if the plaintiff has been guilty of negligence contributing to the injury for which the action is brought, he can not recover, and it is to avoid this rule and to excuse contributory negligence of a plaintiff that the doctrine of gross negligence is usually invoked.

Where a plaintiff free from negligence is negligently injured by the defendant, there is no occasion to invoke the doctrine of gross negligence to excuse plaintiff's negligence for there is no negligence to plaintiff to be excused.

If the negligence of plaintiff is concurrent with that of defendant, the rule of gross negligence does not apply, since it may be invoked only where there is antecedent negligence of plaintiff and subsequent negligence of defendant.

If one wilfully injures another or if his act is so wanton or reckless that it amounts to the same thing, it transcends negligence, is different in kind and is characterized by wilfulness rather than by inadvertence, although it is often incorrectly called negligence, and in such a case contributory negligence is no more a defense than it would be in a case of assault and battery."

In Simon vs. Railway Co., 196 Mich., 586, at page 589, gross negligence is defined as

"the intentional failure to perform a manifest duty, in wanton, wilful, or reckless disregard of the consequences, as affecting the life or property of another."

All of the above authorities are referred to with approval in Naudsius vs. Lahr, 253 Mich., 216; 234 N. W., 581, decided January 23, 1931, where it is held that

"permitting inexperienced and unskillful and incompetent boy to drive automobile at excessive speed was not gross negligence permitting recovery by gratuitous passenger.

To constitute charge of gross negligence or wanton or wilful misconduct, facts lifting automobile owner's fault above ordinary

negligence must be set out."

In the instant case we find no evidence in the record, from which any inference can be drawn of any intentional act on the part of the defendant which would amount to wilful and wanton misconduct, nor any intentional failure to act which would constitute gross negligence within the meaning of the statutes and decisions of the State of Michigan.

No facts are alleged in the amended petition or shown by the evidence "lifting the automobile owner's fault above ordinary negligence".

The judgment of the court of common pleas is therefore reversed, and motions to direct a verdict having been made by defendant both at the close of plaintiff's evidence and at the close of all of the evidence, a final judgment is entered in his favor.

RICHARDS and WILLIAMS, JJ, concur.