## WATTERS, Admrx v KESLER

Ohio Appeals, 6th Dist, Lucas Co

No 2700. Decided Jan 16, 1933

Wm. H. McLellan, Toledo, and W. G. Christensen, Toledo, for plaintiff in error.

Smith, Baker, Effler & Eastman, Toledo, and Wayne E. Stichter, Toledo, for defendant in error.

BY THE COURT

This court holds that the Court of Common Pleas erred in sustaining the motion of the defendant Leroy Kesler to compel the plaintiff, decedent's administratrix, to elect whether she would proceed upon the allegations of gross negligence contained in her petition or whether she would proceed upon the allegations of wilful and wanton misconduct contained therein, and this is not cured by the fact that the court, in its order, gave plaintiff leave to amend the petition by separately stating and numbering her causes of action in lieu of an election, and that the court further erred in refusing to permit plaintiff to amend the petition by incorporating therein allegations pertaining to wanton and wilful misconduct, upon application made at the conclusion of all of the evidence, and the court finds that such error is not waived by electing in the first instance to proceed to trial upon the issue of gross negligence.

This action was brought by an administratrix whose decedent was killed in the State of Michigan while riding as a guest in a car owned and driven by the defendant, and involves a construction of the guest statute of that state which this court had under consideration in **DeShetler v Kordt, 43 Oh Ap, 236, (11 Abs 689).** The statute and certain decisions of Michigan were pleaded and offered in evidence, but there is no decision in the record covering the state of facts presented here. There is evidence tending to show that the driver was approaching a curve on a road in Michigan, 35 to 45 miles an hour, when one Rokicki, also a guest in the automobile, told the driver to cut down the speed a little and that they were going too fast, and the driver replied: "I am driving this, you are all right back there." The speed of the car was undiminished and was so great that it upset on a curve and the decedent met his death. We have before us the case of Bobich v Rozus, 241 NW, 854, but the

decision was rendered after the trial in the court below. As there may be other evidence which plaintiff may adduce on the issue of wilful and wanton misconduct, and the cause has never been presented on that issue, she should have that opportunity on retrial.

We call attention to the case of **Jurrus, a minor, v The Toledo, Fostoria & Findlay Electric Ry. Co., 124 Oh St, 251.**

For the errors specified, all of which are prejudicial, the judgment will be reversed and the cause remanded for a new trial.

LLOYD, RICHARDS and WILLIAMS, JJ, concur.