### HERRELL v HICKOK

Ohio Appeals, 6th Dist, Lucas Co

No 2965    Decided Nov 19, 1934

Yager, Bebout & Stecher, Toledo, for plaintiff in error.

Marshall, Melhorn, Marlar & Martin, Toledo, for defendant in error.

18

**OPINION**

By LLOYD, J.

It is contended first, that the law of the place where the cause of action arose governs the substantive rights of the parties, and that the law of the forum controls as to the quantum of evidence necessary to require submission of the issues involved to the jury. Secondly, it is contended that without regard to the law of Ohio, the law of Michigan as announced in various decisions of its Supreme Court required submission of plaintiff's cause of action to the jury.

Because this court agrees with the second contention of plaintiff in error, it is unnecessary and would be mere obiter dicta to decide the first contention, although in passing it may be observed that counsel for plaintiff in error has filed with the court an exceptionally well-prepared brief on the subject, citing many authorities in support of the contention made.

The statute of Michigan, which is the basis of Miss Herrell's cause of action, reads in part as follows:

"* * * No person, transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or wilful and wanton misconduct of the owner or operator of such motor vehicle and unless such gross negligence or wilful and wanton misconduct contributed to the injury, death or loss for which the action is brought."

A great many of the opinions of the Supreme Court of Michigan relating to cases involving the foregoing statute were pleaded by Hickok in his answer and received in evidence. These various authorities relate to more or less differentiating evidential facts, discussing generally the intent, purpose and meaning of the statute, and then decide whether a particular set of facts and circumstances create a cause of action. It is rather difficult for this court to harmonize all that is said in these various opinions and formulate therefrom, with any degree of certainty, any uniformly adopted rule that will determine what facts and circumstances the evidence in a particular case must tend to prove to permit its submission to the jury. Nor shall we assume the burden of attempting to analyze and harmonize those decisions, but shall content ourselves with referring to two or three of them which, in our judgment, solve the problem in so far as concerns the instant case.

I am assuming that by substantive law in the sense we are here called upon to apply it, it meant the rules of law announced by courts of a state or country which are applicable uniformly to all causes of action of the same class, rather than to decisions determining whether or not the evidence in a particular case is of sufficient probative value prima facie to support an alleged cause of action.

In most, if not all, of the opinions of the Supreme Court of Michigan relating to the foregoing quoted statute, we find repeated and sometimes it would seem conflicting statements as to what is meant by the terms gross negligence, wilful and wanton misconduct, and subsequent and other kinds of negligence, but each of them primarily is concerned with determining whether or not evidential facts and circumstances in particular cases are sufficient to permit a jury to determine the existence or non-existence of an alleged cause of action. And in **DeShetler v Kordt, 43 Oh Ap, 236, (11 Abs 689)**, this court sought to solve the problem there presented

by applying to the facts in evidence the general rules and definitions announced by the Supreme Court of Michigan as applicable to that class of cases, and applying those rules and definitions, as we understand them, to the evidence, concluded that no facts were alleged in the amended petition or shown by the evidence "lifting the automobile owner's fault above ordinary negligence", ordinary negligence being a phrase frequently used by the Supreme Court of Michigan in these various decisions.

So, in the instant case, it is our problem to decide whether, under these announced general rules and definitions there are facts and circumstances in evidence lifting Hickok's fault above ordinary negligence, of which even in Michigan, on the record before us, he surely was guilty.

In Finkler v Zimmer, 258 Mich., 336, it is said that "each case must be decided upon its own facts" and upon that premise we shall proceed. It seems to us that from the evidence presented it was for the jury to say whether Hickok was or was not guilty of wilful and wanton misconduct on the occasion in question. Driving at a speed of 65 or 70 miles an hour on a road with which he was in all respects familiar,—its width, curves and character,—his continuing with a laugh, as the evidence tends to show, over the protest of his guests at an increasing rate of speed toward a second known curve, his loss of control of his automobile on a dry pavement in the daytime, are all facts and circumstances from which a jury in any court in any state might find the consequent injuries to Miss Harrell to have been proximately caused by the wilful and wanton misconduct of Hickok.

In Bobich v Rogers, 258 Mich., 343, the facts seem to have been that the plaintiff, who was riding as a guest in the automobile of defendant, received injuries by the overturning of the automobile, which left the road at a railroad crossing, the approach to which was by a right angle turn. Defendant testified that he made the turn but something happened to his car at the railroad crossing and he lost control of it. In the opinion, it is said:

"Plaintiff recovered on the claim that the defendant drove his automobile at such a high rate of speed that he was unable to make a sharp turn without losing control of his car, and, as a consequence, the car left the roadway and overturned. * * * We can not draw a line beyond which mere speed in making a turn departs from negligence and becomes wanton and wilful misconduct. Conceding that defendant was negligent in making the turn at high speed, it would not constitute wilful and wanton misconduct."

We are unfamiliar with the rules of practice of the courts of Michigan, but it is significant that the court found that the trial court "should have granted a new trial", and upon this ground reversed the judgment and ordered a new trial. As we read and analyze it, the case of Boos v Sauer, 266 Mich., 230, confirms our view that the judgment in the instant case should be reversed and a new trial ordered. In this case it was held that a truck driver's merely falling asleep while driving a truck was not such wilful and wanton misconduct as would create a liability to a guest passenger for injuries sustained by the truck colliding with a telephone pole.

"To constitute gross negligence", says the court, "the term 'gross negligence' as used in the statute (being synonymous in effect with wilful and wanton misconduct), in falling asleep while driving, there must have been such prior warning of the likelihood of sleep that continuing to drive constitutes reckless disregard of consequences. There must be an appreciation of the danger of falling asleep, or circumstances which would cause a reasonably prudent person to appreciate it, and proceeding in defiance of results. It has been held that prior warning may be by way of having before gone to sleep or dozed off."

By parity of reasoning, it would seem that the difficulty experienced by Hickok at the first curve was sufficient prior warning of the danger of continuing in the same manner as theretofore, and that the facts and circumstances in evidence are such as "would cause a reasonably prudent person to appreciate it."

In our judgment, a jury might find that the evidence adduced at the trial of the instant case was sufficient to lift Hickok's fault above ordinary negligence, and therefore, because of the error of the trial judge in directing a verdict, the judgment is reversed and the cause remanded to that court for a new trial.

Reversed and remanded.

RICHARDS and WILLIAMS, JJ, concur.