### HICKOK v HERRELL

Ohio Appeals, 6th Dist, Lucas Co

Decided Dec 16, 1935

Kirkbride, Boesel, Frease & Cole, Toledo, for plaintiff in error.

Yager, Bebout & Stetcher, Toledo, for defendant in error.

## OPINION

By OVERMYER, J.

In Common Pleas Court the defendant in error, Helen Herrell, as plaintiff, recovered a verdict and judgment in the sum of $25,000 against the plaintiff in error, Clarence Hickok, as damages for personal injuries resulting to her while riding as a guest passenger in an automobile owned and operated by Hickok, on May 15, 1932. The injuries followed the overturning of the automobile after leaving the roadway at a point beyond Erie in the state of Michigan on what is known as the Rauch road, another guest passenger, a Mr. Brette', having been killed in the accident.

This case has been previously in this court following a directed verdict for Hickok, ordered at the close of all the evidence, and this court reversed the judgment of the lower court. See **Herrell v Hickok, 49 Oh Ap 347, (18 Abs 17) 197 NE 241.** Motion to certify was overruled by the Supreme Court, March 6, 1935.

We refer to the facts as recited in the opinion in that case, as they are substantially the same in the record now before us. There was introduced in the last trial a drawing on a large scale map of the Rauch road for a considerable distance showing the curves testified to in both trials. The drawing is offered by plaintiff in error for the purpose of showing that the curves are not as sharp or abrupt as the testimony might indicate.

The event giving rise to Miss Herrell's cause of action having occurred in the state of Michigan, the substantive law of that state in force at that time would of course be controlling in the assertion of her rights. The statute of that state then in effect, reads in part as follows:

"**Provided, however,** That no person, transported by the owner or operator of a motor vehicle as his guest without pay-

ment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or wilful and wanton misconduct of the owner or operator of such motor vehicle and unless such gross negligence or wilful and wanton misconduct contributed to the injury, death or loss for which the action is brought.    Compiled Laws of Michigan (1929), §4648.

In the course of the opinion of this court in this same case, above referred to, on the record there presented, this court said, at page 351:

"In Finkler v Zimmer, 258 Mich. 336, 241 NW 851, it is said at page 341, that 'each case must be decided on its own facts,' and upon that premise we shall proceed. It seems to us that from the evidence presented it was for the jury to say whether Hickok was or was not guilty of wilful and wanton misconduct on the occasion in question. Driving at a speed of 65 to 70 miles an hour, on a road with which he was in all respects familiar,—its width, curves and character,—his continuing with a laugh, as the evidence tends to show, over the protest of his guests, at an increasing rate of speed toward a second known curve, his loss of control of his automobile on a dry pavement in the daytime, are all facts and circumstances from which a jury in any court in any state might find the consequent injuries to Miss Herrell to have been proximately caused by the wilful and wanton misconduct of Hickok."

We therefore have examined the present record to determine whether a fair and impartial trial was had and whether the verdict is or is not sustained by the evidence.

In the present record appears the following interrogatory submitted to the jury:

"Was the accident in which plaintiff was injured caused by wilful and wanton misconduct on the part of defendant, Clarence Hickok, in the operation of his automobile; if so, state of what that wilful and wanton misconduct consisted."

The jury unanimously answered as follows:

"We find the accident was caused by the wilful and wanton misconduct of the defendant which was evidenced by a rate of speed greater than was warranted by the

condition of the traffic, by failing to slow down after experiencing trouble at the first curve and entering the second curve at a speed as great or greater than that speed at which the first curve was taken."

In the petition in error some 27 specifications of error are assigned, but in the brief our attention is particularly directed to the following: Error of the court in failing to give full faith and credit to the public acts, records and judicial proceedings of the state of Michigan by not charging more fully than it did on the laws and decisions of Michigan; error in not directing a verdict for Hickok; error in not permitting counsel for Hickok to interpret the "guest statute" of Michigan in argument to the jury, although the act and guest statute had been admitted and received in evidence; and excessive damages which appear to have been given under the influence of passion and prejudice.

We have examined the record carefully with reference to these claimed errors and all others assigned, especially because of the substantial verdict returned by the unanimous concurrence of the jury, and we find no error on the record prejudicial to the rights of the plaintiff in error. The trial court properly charged the jury as to the so-called "guest statute" ▉▉▉▉ of Michigan, and was not in error in refusing to permit counsel to place that interpretation on the statute and the decisions of the Supreme Court of that state in argument to the jury. It is the duty of the court to give the jury the law of such foreign state as may be involved in the case, which the jury is to apply to the facts as it finds them disclosed by the evidence.

Miss Herrell suffered injuries from which she will never fully recover, and being a young woman in her early twenties, still has her life before her. The personal injuries consisted of a fractured skull; laceration of the forehead and down over the right eye to the bone, severing the eyelid and crushing the bony orbit of the socket; left cheek bone crushed so that her nose was pushed over to the left side; several teeth above and two or three below broken off and the bony process wherein the teeth were set crushed away and other teeth fractured, tops broken and shattered, making it necessary to provide artificial gums and mechanical dental appliances which will have to be renewed from time to time. The lower lip was cut completely through and her jaw broken, and she was unable to open her mouth for a number of days; her palate had a continuous fracture from the end of the jaw on the left side around to the central tooth on the opposite side so that the palate dropped down out of line and then there was a fracture back through the center of the palate which disconnected the whole half of the palate, which dropped down out of line; her left tear duct was damaged and closed and became infected, the septum of the nose was severed and, as one doctor described it, her whole face was crooked. She also suffered lacerations of the lower limbs and general cuts, bruises, lacerations and, of course, nervous shock. The pain and suffering connected with these injuries and their treatment were severe and the medical evidence indicates that she is still under the care of physicians, dentists and surgeons, and perhaps will have to be for the remainder of her life.

Five reputable physicians, representing general practitioners and specialists in dentistry, nose, throat, eye and X-ray work, testified as to her injuries and their permanency. She is permanently facially disfigured and the evidence is not disputed that she will have to have constant dental and other surgical and medical attention for years, and perhaps for the remainder of her life.

In the course of the trial the court permitted evidence to be introduced as to the medical and hospital expenses ▉▉▉▉ and loss of earnings of Miss Herrell on the theory that she was, at the time of injury, an adult. It appearing that she was a minor at the time part of these expenses were incurred and loss of earnings suffered, the court, on motion for a new trial, deducted those items in the total sum of $1480 from the verdict. This is urged as error, and it is further urged that by permitting this evidence to be introduced, it had the effect of increasing the verdict much beyond the sum so deducted. We do not find from the record that such inference necessarily follows, and there is no error in what was done in this respect.

No prejudicial error intervening in the trial, we find the verdict and judgment are not manifestly against the weight of the evidence, and the judgment is therefore affirmed.

Judgment affirmed.

LLOYD and CARPENTER, JJ, concur.