## THOMAS v FOODY

Ohio Appeals, 2nd Dist, Madison Co

No 126.   Decided Nov 2, 1936

Knepper, White & Dempsey, Columbus, for defendant appellant.

Crabbe & Tootle, London, C. C. Crabbe, London, and Garek & Sillman, Columbus, for plaintiff appellee.

SHERICK, J, (5th Dist) sitting by designation.

( **OPINION**

By SHERICK, J.

This is an action for personal injury brought by a guest against his host. It is predicated upon a charge of wantonness. The defense is a general denial. Trial resulted in a verdict for Ten Thousand Dollars in plaintiff's favor, upon which judg-

ment was entered. The defendant appeals therefrom on a question of law. Numerous grounds are advanced for reversal, the first of which attacks the sufficiency of the allegations of the second amended petition. Its averments will first be epitomized.

It is averred that plaintiff became a passenger upon assurance that he would be taken home; that against his objection appellant proceeded from the City of London upon State Route 42 northward about four miles towards a point on State Route 40; that Route 42 thereat is a twenty-foot macadam highway; that the car was being driven at a dangertus and excessive speed of eighty miles per hour; that appellant knowingly failed to exercise any care and to retain control of his car; that the highway contained a sharp turn which the defendant knowingly attempted to negotiate; that he violated certain positive provisions of the law; and that his acts in so doing were known by him to be highly dangerous to plaintiff and without regard for his safety. It is alleged that by reason of these things the car left the road at the turn and injured plaintiff and that such was the proximate cause of the injuries sustained.

The predecessors of this pleading were attacked by motions to strike. They were sustained in part. Neither of these three petitions was attacked by motions to make definite and certain, nor was the same demurred to. It may well be here injected that plaintiff's evidence was received at trial without objection. The sufficiency of this pleading is first questioned by a motion for a directed verdict at the conclusion of plaintiff's case. It is again raised by a like motion at the close of all the evidence and in the motion for a new trial and by a motion for judgment non obstante veredicto.

When plaintiff's evidence is examined we find the averments of the pleading to be substantiated. In fact, a stronger case is made. It is evidenced that appellant turned one curve and ran upon the berm; that he was asked to slow down; that he did so for a bit and then speeded up to eighty-five miles per hour, knowing of the sharp curve ahead.

We fully appreciate that §11311 GC explicitly prescribes that the sufficiency of a petition may be attacked at any time by a motion for a directed verdict. This course of procedure is recognized in **Bozzellie v Industrial Commission, 122 Oh St 201.** Our attention is further directed to §11305 GC, which is to the effect that a petition

"must contain: a statement of facts constituting a cause of action," and to its relation to the commonly known guest statute, §6308-6 GC, which is impressed upon us by further citation of **U. C. Pipe Co. v Bassett, 130 Oh St 567 and Vecchio v Vecchio, 131 Oh St 59.**

The last cited authority is decided upon a demurrer to the petition. The former when examined, page 570, discloses that the original petition charged "pure unadulterated negligence," and that the amended petition therein filed simply charged the allegations of the petition to be wanton and wilful misconduct. The court properly held that simply naming these facts of charged negligence as wilful and wanton did not make them such. These cases, however, clearly declare that acts to be wanton must be done with actual knowledge of existing conditions or surrounding circumstances, and they must be such as to make the malefactor conscious that his conduct will in all common probability result in injury to his guest, and that such must be unequivocally pleaded.

If the controverted pleading or the introduction of evidence therein had been demurred to we would unhesitatingly have tested it by the rule of these cases; but it may not be forgotten that the second amended petition in this case was not then tested by demurrer and the cause proceeded to trial without objection. In view of the situation found in this, a guest case, it does not follow that it is entitled to any special sanctity, but the general rule as found in **Cranford v Kellermier, 123 Oh St 404,** should be followed. It is therein held:

` "Where the allegations of a pleading are conclusions rather than statements of facts, and such allegations are traversed by a general denial, without any motion having been filed to make definite and certain, the pleading should be liberally construed so as to sustain the pleading if possible, and objections to introduction of evidence on account of the alleged insufficiency of the pleadings should generally be overruled, unless there is a total failure to allege matters essential to the relief sought."

Having in mind that no objection was made to the introduction of plaintiff's evidence, we are now bound to test the sufficiency of the pleading in the light of the evidence offered in support thereof. First, let it be understood that liability was not claimed as a result of any failure to exercise ordinary care, but that the defendant failed to exercise any care for his guest's safety. It is averred and evidenced that defendant was driving at a speed of eighty miles per hour and that a catastrophe was narrowly averted at the first curve; that the defendant knew of this curve and the sharp curve ahead; that in the face of remonstrance speed was increased to eighty-five miles per hour. Surely it must be conceded that defendant had knowledge of the existing conditions and surrounding circumstance and that the natural probability of his acts would result in injury to his guest. He was familiar with the road. He had driven cars for a number of years. He disregarded remonstrances. He persisted in his folly. He well knew that in so driving his car he was operating a dangerous instrumentality with all common probability, that at the second curve it would result in injury to his guest. It is pleaded that he knowingly operated his car, and with knowledge of these conditions or surrounding circumstances he must have been conscious of the probable result. We conclude that the pleading supported by plaintiff's evidence fully warranted the trial court in the overruling of the motion.

The defendant did not choose to rely upon the motion and the legal question made thereby, but elected to proceed to his defense and offered himself as a witness. From his evidence plaintiff's case is further strengthened in that he admits that he was familiar with this road for a number of years; that it was dark; that the road was wet and slippery; that he had been over it twice before that day; that he was driving sixty miles per hour and that he knew he could not negotiate the second curve at that speed. Surely these admissions clearly establish his knowledge of conditions and the most certain likelihood of injury to his fellow passenger.

It was the jury's duty to determine the credibility of the contestant testimony, and by the same token it is not within the province of this court; and the jury having so unanimously determined, we cannot say that there is a lack of credible evidence to support the verdict returned or that the cause should have been arrested and taken from the jury at the conclusion of all the evidence. If we consider the matter in the light of the motion for a new trial or upon

the motion for judgment notwithstanding the verdict we must be and are mindful of the present provision of §11601 GC that it was the trial court's province to not only consider the pleadings but the evidence produced in ruling thereon.

Viewing this pleading and the evidence in this case, we feel that it fully meets all requirements recited in Morrow v Home Admr., 131 Oh St 319 at page 324, wherein it is said:

"Wantonness can never be predicated upon speed alone; but when the concomitant facts show an unusual, dangerous situation and a consciousness on the part of the driver that his conduct will in common probability result in injury to another of whose dangerous position he is aware, and he drives on without any care whatever, and without slackening his speed, in utter heedlessness of the other's personal jeopardy, speed plus such unusually dangerous surroundings and knowing disregard of another's safety may amount to wantonness."

It is for the jury to determine the ultimate fact, in view of the evidence, if wantonness did exist.

Much argument and energy is expended in maintenance of appellant's theory that if he is to be charged with wantonness, it must have its beginning at the time he felt the right wheels of his car upon the berm at the second curve. He says that he gripped the wheel and tried to steady and right his car. Remembering, however, that defendant testified that he could not negotiate this curve at sixty miles per hour and that such was his confessed rate of speed, it must follow that he could then exercise no degree of care or perform any act which would avoid the probable and certain catastrophe which was about to happen. The trial court upon the motions finally before him wisely concluded that any acts then claimed by the defendant to have been done to avoid the crash were bound to be ineffectual and not performed when such could possibly be effectual, but that any such acts then claimed to have been performed were simply subconscious reflexes. This was undoubtedly the jury's conclusion. It was not for the defendant to fix the time of his discovery of his perilous predicament. That fact was also for the jury to determine. If this were not true overwhelming evidence of prior knowledge of danger would amount to naught if the wrongdoer were permitted to fix the time of acquisition of knowledge.

It is further claimed as error that defendant was prejudiced in the court's refusal to give his special request No. 6 before argument. It was couched in the following language:

"If you find from a preponderance of the evidence that plaintiff's own wanton misconduct proximately contributed in any degree to cause his injuries, plaintiff cannot recover, and your verdict must be for the defendant."

This charge was properly refused for two reasons: first, the mere fact that the plaintiff lit a match in the car is not proof of wantonness. At best it was only proof of a failure to exercise ordinary care for his own safety. When this evidence is measured in the light of the test for wantonness insisted upon by the appellant it must at once be perceived that such does not prove wantonness. And if the defendant was negligent it must be recognized as settled law that contributory negligence is no defense as against a proven charge of wanton misconduct. Contributory wantonness on plaintiff's part was not an issue in this case. If correct in substance it was only a requested charge on an abstract proposition of law not in the case. It was rightfully refused for the further reason that it presupposed that plaintiff was also guilty of wanton misconduct. That, if an issue, as it was not, it was an issue for the jury to determine and not the court.

It is urged that the court erred in the admission of evidence as to whether or not defendant could have done anything after the car hit the berm at the curve at sixty miles per hour that could have prevented what actually happened. It is rightly said that the true test was not what might have been done but what, if anything, was actually done. Keeping in mind what has herein previously been said, we are unable to perceive any prejudice resulting therefrom. We presume that this jury was selected in part because of its intelligence. If it placed credence in plaintiff's testimony as to a speed of eighty-five miles per hour, as it no doubt did, the jury could draw but one reasonable inference; that being, no one could have done anything to avoid what did actually happen. Its admission was not prejudicial.

The charge is complained of in that the

court did not tell the jury to disregard all sympathy and prejudice. It was told to decide the issues upon the evidence before it. Our conclusion is that it followed the court's instruction. It is uncontroverted that plaintiff was seriously and permanently injured. Much pain was endured. Months were required to effect present health at an undisputed cost of $5800. We see no evidence that the jury was moved by sympathy or prejudice. We find no prejudicial error in this respect. The judgment is not against the manifest weight of the evidence, nor is it contrary to law.

In conclusion, we direct attention to the case of **Herrell v Hickok, 49 Oh Ap 347, (18 Abs 17)** which the Supreme Court refused to review. The present controversy is on all fours with it, save in one respect, that being that the facts in this action present a stronger case of wanton misconduct. We approve of the reasoning appearing in the report of the Herrell case.

The judgment effects substantial justice between the parties and is therefore affirmed.

BARNES, PJ, and BODEY, J, concur.