Gorman, J.
 

 The judgment in the Court of Common Pleas in favor of the appellant was rendered after a demurrer was süstained to the second amended supplemental petition. In reviewing the judgment of reversal by the Court of Appeals, this court can examine only' the allegations of the second amended supplemental petition to determine whether the facts therein stated constitute a cause of action against the appellant, The Yorkshire Indemnity Company.
 

 If these allegations disclose that the judgment rendered in favor of the appellee, Helen Herrell, was due to bodily injuries, accidentally sustained, caused by the operation of the automobile by Clarence Hickok, then the judgment of the Court of Appeals should be affirmed. If they do not so show, the judgment of that court should be reversed and that of the Court of Common Pleas affirmed.
 

 Hickok was insured by the appellant, The Yorkshire Indemnity Company of New York, against liability for damages assessed against him for certain injuries he might cause in the operation of his automobile. The pertinent terms of the policy issued to him provided: “Section A. Liability for Bodily Injuries or Death Provided specific premium charge is made in Section A of the Schedule- of Statements and "Warranties, this Company agrees :
 

 “To pay, on behalf of the Assured, subject to the limits of liability stated therein, all sums which the
 
 *71
 
 Assured shall become obligated to pay by reason of the liability imposed upon him by law for damages because of bodily injuries, including death at any time resulting therefrom, accidentally sustained by any person or persons during the policy period.”
 

 There is no' dispute that the appellee, Helen Herrell, received bodily injuries by reason of the operation of the automobile by Hickok and for which a judgment was rendered against him. The liability of the insurance company depends' upon whether those injuries were
 
 accidentally sustained,
 
 and that is our sole inquiry.
 

 The matter arising upon a demurrer, all facts well pleaded in the second amended supplemental petition must be taken as true. The statutes pertaining to liability for guest-passengers in the state of Michigan, as well as their construction by the courts of that state, are set forth in this petition. This court does not take judicial notice of the statutes of a sister state or their construction by the courts of that state. The laws of another state must be pleaded and proved. They are to be considered as matters of fact.
 
 Ingraham
 
 v.
 
 Hart,
 
 11 Ohio, 255;
 
 Niagara County Bank
 
 v.
 
 Baker,
 
 15 Ohio St., 68;
 
 Whalen’s Executor
 
 v.
 
 Kinsley’s Administrator,
 
 26 Ohio St., 131;
 
 Evans
 
 v.
 
 Reynolds,
 
 32 Ohio St., 163;
 
 Larwell
 
 v.
 
 Hanover Savings Fund Society,
 
 40 Ohio St., 274;
 
 Williams
 
 v.
 
 Finlay,
 
 40 Ohio St., 342;
 
 Erie Rd. Co.
 
 v.
 
 Welsh,
 
 89 Ohio St., 81, 105 N. E., 189, affirmed 242 U. S., 303, 61 L. Ed., 319, 37 S. Ct., 116;
 
 Louisville & Nashville Rd. Co.
 
 v.
 
 Greene, Admx.,
 
 113 Ohio St., 546, 149 N. E., 876.
 

 Upon the trial, according to the petition, the jury found that the injuries to appellee were caused by reason of the wilful and wanton misconduct of the assured. Appellant contends', therefore, that injuries which are the result of wilful and wanton misconduct are not accidentally sustained.
 

 In Ohio, the courts have attempted to make a dis
 
 *72
 
 tinction between misconduct which is wilful and that which is wanton,
 
 Reserve Trucking Co.
 
 v.
 
 Fairchild,
 
 128 Ohio St., 519, 191 N. E., 745;
 
 Universal Concrete Pipe Co.
 
 v.
 
 Bassett,
 
 130 Ohio St., 567, 200 N. E., 843. Looking solely at the averments in the petition, apparently Michigan did not make such a distinction. It is unnecessary in this case to determine whether an injury, either wantonly or wilfully inflicted under the laws of Ohio, would be considered one accidentally sustained. The judgment against the assured in this case was awarded under the guest-passenger law of the state of Michigan.
 

 The petition states that under the laws of Michigan, in order to find the assured caused the injury by his wilful
 
 and
 
 wanton misconduct, it was necessary to find that he had knowledge of a situation requiring the exercise of ordinary care; that he had ability to avoid resulting harm by ordinary care and diligence in the use of the means at hand; and that he omitted to use such care and diligence to avert the threatened danger when to the ordinary mind, it must have been apparent that the result was likely to prove disastrous to another.
 

 At the first trial of this cause, a verdict was directed against the appellee. On error, that judgment was reversed. In the opinion of reversal, the Court of Appeals, after a review of the pertinent cases, stated that gross negligence, wilful and wanton misconduct under the laws of Michigan amounted to merely “lifting the automobile owner’s fault above ordinary negligence.”
 
 Herrell
 
 v.
 
 Hickok,
 
 49 Ohio App., 347, 197 N. E., 241. See also
 
 De Shetler
 
 v.
 
 Kordt,
 
 43 Ohio App., 236, 183 N. E., 85.
 

 Clearly the test as to gross negligence, wilful and wanton misconduct, alleged to prevail in Michigan, would not be the test for such character of claims in this state. In fact, that test is similar and akin to the one used in cases involving last clear chance in this
 
 *73
 
 state. See
 
 Cleveland Ry. Co.
 
 v.
 
 Masterson,
 
 126 Ohio St., 42, 183 N. E., 873. Gross negligence, wilful and wanton misconduct as set forth under the laws of Michigan, are nothing more than ordinary negligence with vituperative epithets attached. It is pierely “lifting the automobile owner’s fault above ordinary negligence.”
 

 Whether the allegations' in the second amended supplemental petition did properly set out the law of Michigan or define the laws of Michigan in regard to liability to guest-passengers we are not called upon at this time to decide. If they do not,, the appellant indemnity company can controvert the relevant statements by answer. The questions cannot be raised by demurrer because the law of a sister state is a factual matter.
 

 Whether we define an accidental injury as one which comes to the injured party through external force not of his own choice or whether we hold it to be an unexpected happening inflicted
 
 tvithout design or intent,
 
 it must be obvious that in either event the statements setting forth the finding of the jury and of the instruction as to the law of Michigan in this case do allege that the injury was accidentally sustained. See
 
 Commonwealth Casualty Co.
 
 v.
 
 Headers,
 
 118 Ohio St., 429, 161 N. E., 278;
 
 Georgia Casualty Co.
 
 v.
 
 Mills,
 
 156 Miss., 853, 127 So., 555;
 
 Messersmith
 
 v.
 
 American Fidelity Co.,
 
 232 N. Y., 161, 133 N. E., 432, 73 A. L. R., 414.
 

 Taking the view of the case that only the allegations of the petition are to be considered and that the law of a sister state is a matter of fact, it is unnecessary for the court to decide whether injuries caused by wilful or wanton misconduct would be covered by the policy in a case arising in Ohio.
 

 The demurrer to the second amended supplemental
 
 *74
 
 petition should have been overruled, and for that reason the judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Day, Zimmerman, Williams and Myers, JJ., concur.