Wilker **SULLIVAN**, Jr., Appellant,

v.

Ace **BRUCE**, Appellee.

No. 13117.

United States Court of Appeals
Sixth Circuit.

Dec. 18, 1957.

Robert C. McFadden, Cleveland, Ohio,
L. B. Davenport, R. C. McFadden, Arter,
Hadden, Wykoff & Van Duzer, Cleveland,
Ohio, on the brief, for appellant.

Norman W. Shibley, Cleveland, Ohio,
Donald P. Traci, Harrison, Spangenberg
& Hull, Cleveland, Ohio, on the brief, for
appellee.

Before SIMONS, Chief Judge, McALLISTER, Circuit Judge, and BOYD, District Judge.

PER CURIAM.

On April 10, 1953, the appellant, with a number of guest passengers in his car, was driving on the East River Road, south of Elyria, Ohio. The road was dry, the night clear, the driver familiar with road and warning signs clearly visible. When the car was some 700' to 800' from a 90° curve to the left, one of the passengers urged the appellant to see how fast he could negotiate the curve. The appellant speeded up and there is evidence that he reached a speed of between 60 and 65 miles an hour and "was still feeding it gas." Almost immediately after the appellant speeded up, the appellee protested "if you don't slow down we won't never make this curve." This was some 700' or 800' from the curve. The appellant didn't "make it"; the car went off the road, crashed into a tree, became a total wreck and the appellee sustained serious and permanent injuries. The Court submitted the case to the jury upon careful

instructions, which are not here challenged. A verdict followed and the appellant brings the case here with the contention that the Court erred in declining to direct a verdict in his favor. His contention is that under the facts disclosed by the evidence, the appellant was not guilty of "wilful or wanton misconduct" which is a prerequisite to liability under § 4515.02 Rev.Code of Ohio.

 While there is conflict in the evidence as to the speed of the car when it entered the curve, the point at which the "dare" was given to the driver by one of his passengers and the point at which the appellant was cautioned to moderate his speed, it is quite clear that the record presents a question for the jury and that the issue as to wilful or wanton misconduct was properly submitted to it. Upon principles long established, evidence given in a jury trial must, upon appeal, be viewed in the light most favorable to the successful litigant; that the weight of evidence, if it be substantial, and the credibility of witnesses is within the province of the jury and not of a reviewing court.

 Under the Ohio decisions, wanton misconduct is conduct that manifests a disposition to perversity, and that the defendant must have been conscious that it would in all probability result in injury to the plaintiff. It comprehends an entire absence of all care for the safety of others and an indifference to consequences and it is not necessary in order to establish wanton misconduct that an injury be intended. The Court so charged and its instructions are supported by Tighe v. Diamond, 149 Ohio St. 520, 80 N.E.2d 122; Herrell v. Hickok, 49 Ohio App. 347, 197 N.E. 241; Thomas v. Foody, 54 Ohio App. 423, 7 N.E.2d 820; Angel v. Constable, Ohio App., 57 N.E.2d 86. If the appellant's contention is sound, one could hardly conceive of circumstances under which a recovery could be had by a guest passenger against the driver of a motor vehicle.

Affirmed.