Herbert SUSMANN, Plaintiff-Appellee,

v.

Paul J. TULLAR, Defendant-Appellant.

No. 216, Docket 25553.

United States Court of Appeals
Second Circuit.

Argued March 2, 1960.

Decided March 30, 1960.

See also 165 F.Supp. 129.

Harry J. Kelly, Buffalo, N. Y. (Adelbert Fleischmann, John B. Walsh and Gleason, Fitzpatrick, O'Connor & O'Brien, Buffalo, N. Y., on the brief), for defendant-appellant.

Joseph L. Watson, Buffalo, N. Y. (Hetzelt & Watson, Buffalo, N. Y., on the brief), for plaintiff-appellee.

Before LUMBARD, Chief Judge, and MOORE and FRIENDLY, Circuit Judges.

PER CURIAM.

Paul Tullar appeals from a jury verdict in favor of plaintiff Herbert Susmann for $60,180 in a suit arising out of injuries sustained by Susmann when Tullar's automobile, in which Susmann was riding as a guest, left the road and struck a telephone pole. The accident occurred on Route 46 between Jefferson and Ashtabula, Ohio on the evening of May 1, 1957. Jurisdiction of the district court was based upon diversity of citi-

zenship. Tullar contends on this appeal that there was insufficient evidence to permit the case to go to the jury on the issue of his wanton misconduct required by the Ohio Guest Statute, Ohio Rev. Code Ann. § 4515.02, for liability to a guest riding in an automobile; that the trial court erred in refusing to strike defendant's testimony that he had plead guilty to a violation of the Ohio reckless driving statute in connection with the accident; and that the court committed error in its charge by reading to the jury a number of Ohio statutes concerned with unlawful conduct in the operation of an automobile. We find no error and affirm the judgment.

■ The evidence, viewed most favorably to the plaintiff, showed that the plaintiff and the defendant and two others had left a motel in Jefferson in the defendant's car a short time before the accident. The evening was clear and the two lane highway dry. For a few miles defendant drove at a moderate speed but then increased it, so that a mile or so before the car reached the place of the accident the plaintiff observed the car to be going about 65 miles per hour and urged the defendant to "at least keep it under 60." The defendant laughed off this request, which plaintiff in substance repeated as the car approached from the rear another vehicle heading in the same direction. As defendant neared a curve to the left, he increased his speed to about 70 miles per hour in order to pass the car ahead. Plaintiff asked that defendant not attempt to pass, but defendant disregarded the request, passed the other car and was obliged to cut sharply back into the right hand lane as a vehicle approached around the curve from the opposite direction. Apparently defendant swung too far to the right because the right hand wheels of his car left the pavement and fell into the gravel shoulder at the side of the highway. Defendant lost control of the car, which, after continuing half on and half off the road for some distance, entirely left the road, passed through a drainage ditch, struck a telephone pole, and turned over.

The pole was split in two by the force of the impact.

The Ohio cases, which govern upon the question of defendant's liability, state that wanton misconduct can never be predicated upon speed alone, but that when the surrounding "facts show an unusually dangerous situation and a consciousness on the part of the driver that his conduct will in common probability result in injury to another," and he does not heed the jeopardy of the other person, a finding of wantonness is proper. Jenkins v. Sharp, 1942, 140 Ohio St. 80, 42 N.E.2d 755, 757. We think that defendant's excessive speed, his cavalier failure to heed plaintiff's repeated requests to slow down, and his increase in speed in passing another car near a curve with limited visibility support a finding of wanton misconduct. While none of the Ohio cases are exactly parallel in their facts, a number of cases have supported recovery under the guest statute for wanton misconduct in similar circumstances. See Sullivan v. Bruce, 6 Cir., 1957, 250 F.2d 453; Thomas v. Foody, 1936, 54 Ohio App. 423, 7 N.E.2d 820; Lawwill v. Kinsley, Ohio Com.Pl. 1957, 144 N.E.2d 138.

■ In the course of his testimony, defendant was asked if he had plead guilty to a violation of the Ohio reckless driving statute, Ohio Rev.Code Ann. § 4511.20, as a result of his conduct. He acknowledged that he had, and at the request of plaintiff's counsel, the statute was read to the jury. Defendant alleges that it was error to deny his request to strike this testimony. There was no error. The testimony was relevant as an admission, not of the wanton misconduct itself, but of a fact bearing upon such a finding. Moreover, the court's instruction to the jury, both at the time the testimony was given and again in its charge, that the plea of guilty did not by itself establish wanton misconduct but only ordinary negligence, assured the jury's giving proper consideration to the plea of guilty.

■■ In its charge the court read to the jury the Ohio statutes concerning

excessive speed and driving to the left of the center line or passing without clear visibility ahead. Defendant urges that it was error to read these statutes, since their violation was not proof of wantonness. The court, however, plainly charged the jury on the elements of wanton misconduct and we do not think the defendant was prejudiced by the reading of the statutes. In any event, defendant's failure to take exception to the reading of the statutes forecloses him from now raising the matter as error. Rule 51, Federal Rules of Civil Procedure, 28 U.S.C.A.

Affirmed.